```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

TARA GYENIS,

       Plaintiff,
v.                                  Case No.  8:12-cv-805-T-33AEP

SCOTTSDALE INSURANCE COMPANY

       Defendant.
_____/

### ORDER

This cause is before the Court pursuant to Defendant's Motion to Strike (Doc. # 26), filed on May 14, 2013. Plaintiff filed a Response in Opposition to the Motion to Strike on May 28, 2013. (Doc. # 32). For the reasons that follow, the Court denies the Motion to Strike.

**I.   Background**

Plaintiff contends that her property sustained sinkhole damage on September 1, 2010, and Plaintiff sought coverage from her insurer, Defendant Scottsdale Insurance Company. (Doc. # 2 at ¶¶ 5-6). Defendant denied the claim, and on February 21, 2011, Plaintiff filed an action for breach of contract in state court. (Id. at ¶¶ 7, 11). Defendant was served with process on March 16, 2012, and effected removal of this action on April 13, 2012, on the basis of diversity of

1

citizenship. (Doc. # 1). The record reflects (1) that Plaintiff is a citizen of Florida (Doc. # 23); that Defendant is a surplus lines insurer incorporated in Ohio with its principal place of business in Scottsdale, Arizona (Doc. # 1 at ¶ 1); and the amount in controversy exceeds the jurisdictional threshold of $75,000.00. (Id. at ¶ 3).

Defendant filed its Answer and Affirmative Defenses (Doc. # 3) on April 13, 2012. Among other contentions, Defendant asserts that the damage to the Plaintiff's property was not caused by a sinkhole. The Court issued its Case Management and Scheduling Order On December 21, 2012, establishing the dispositive motions deadline as June 24, 2013, setting an October 10, 2013, pretrial conference and placing the case on the November 2013, trial term. (Doc. # 13). On May 14, 2013, Defendant filed its Motion to Strike, which is ripe for the Court's review.

## II. Discussion

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party **either before responding to the pleading** or, if a response is not allowed, within 21 days after being served with the

2

pleading.

Fed. R. Civ. P. 12(f) (emphasis added).

Motions to strike are considered "drastic" and are disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Here, the Motion to Strike is untimely under the provisions of Rule 12(f)(2) of the Federal Rules of Civil Procedure because it was filed more than a year after Defendant responded to the Complaint by filing its Answer and Affirmative Defenses. See Baldwin v. NW Mut. Life Ins. Co., No. 92-1239, 1994 U.S. Dist. LEXIS 5193, at *5 (M.D. Fla. Apr. 14, 1994)(denying as untimely a motion to strike an amended complaint when the motion to strike was filed 8 months after the filing of the amended complaint); Peterson v. Metro. Prop. & Cas. Ins., No. 8:09-cv-1087-T26TGW, 2009 U.S. Dist. LEXIS 99399, at *2 (M.D. Fla. Oct. 5, 2009)("Under the rule, Defendant's motion to strike was required to be filed prior to

3

responding to Plaintiff's complaint."). As the court explained in Baldwin, "The Federal Rules of Civil Procedure are necessary for the orderly and efficient running of this Court and to ensure that in the interests of justice, everyone is on a level playing field. The Rules cannot be ignored or overlooked." 1994 U.S. Dist. LEXIS 5193, at *5. Thus, the Court denies the Motion as untimely filed.

In addition, as the court found in Peterson, this Court determines that the Motion to Strike is "little more than a disguised motion for summary judgment." Id. at *3. The parties have briefed the Court concerning the application of Chapter 627 of the Florida Statutes to Defendant, a surplus lines insurer. Defendant argues:

> By operation of Section 626.913, Florida Statutes, all allegations and references in the Complaint to Chapter 627, Florida Statutes, including reference to Section 627.707 found at Paragraph 8 of the Complaint, as well as references to Section 627.428, found at Paragraph 11 of the Complaint, and the Prayer for Relief, are impertinent and immaterial to the allegations in this suit. The provisions of Chapter 627 do not apply to Scottsdale.

(Doc. # 26 at 2). Plaintiff counters that "the defendant's contention that surplus lines insurers are *per se* immune from all aspects of Florida's insurance code is a complex, novel legal matter, involving statutory construction, that . . . is

4

inappropriate, in any event, for determination on a motion to strike." (Doc. # 32 at 2).

The Court agrees with Plaintiff that the issue presented is not properly adjudicated via an untimely Rule 12(f) motion to strike. In the instance that the parties are not able to internally resolve their differences regarding application of the relevant Florida Statutes, the parties should raise this issue at the summary judgment stage.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant's Motion to Strike (Doc. # 26) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record

5